**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **COIT CAPITAL SECURITIES, LLC,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **No. 17-658** |
| | : | |
| **TURBINE ASSET HOLDINGS, LLC, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW,** this 8th day of January, 2018, upon consideration of Plaintiff's "Motion to Remand" (Doc. No. 6), the Response in opposition (Doc. No. 9), and the Reply in support (Doc. No. 10), I find as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. This breach of contract case was removed by Defendants Turbine Asset Holdings, LLC, Turbine Asset Holdings Group, LLC, Turbine Inventory Holdings CC1, LLC, Turbine Inventory Holdings CC2, LLC, Turbine Inventory Holdings CC3, LLC, and JSS Holdings Group, LLC (collectively, the "Turbine Defendants"), from the Complex Commercial Litigation Division of the Superior Court of Delaware in and for New Castle County. The Complaint contends that the Turbine Defendants, along with other named Defendants, were part of a collusive scheme to divest Plaintiff of its contractual right to proceeds from the sale of aircraft parts and other machinery, compensation for its efforts in securing deal financing, and opportunities to participate in future business. Plaintiff

1

has filed a Motion to Remand, contending that the Turbine Defendants improperly removed this case.  Plaintiff provides the following uncontested background facts:

- Plaintiff filed the Complaint in the Complex Commercial Litigation Division of the Superior Court of Delaware in and for New Castle County on May 1, 2017;

- The Prothonotary issued the summonses for service on May 25, 2017;

- The Turbine Defendants received a courtesy copy of the Complaint and removed this case to federal court under 28 U.S.C. § 1332 on May 31, 2017; and

- The Sheriff served the Turbine Defendants on June 2, 2017.

(Mot. at 2-3; Id., Exs. A & B; Doc. No. 2.)

**LEGAL STANDARD**

2. Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action.  A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant.  See 28 U.S.C. § 1446(b).  The defendant bears the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Dietz v. Avco Corp., 168 F. Supp. 3d 747, 751 (E.D. Pa. 2016) ("As the party asserting jurisdiction, the defendants have the burden of showing at all stages of the litigation that the case is properly before the federal court.") (quoting Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007)).

3. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to the state court.  28 U.S.C. § 1447(c); see also Boggs v. Harris, 226 F. Supp. 3d 475, 480-81 (W.D. Pa. 2016).  Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  PAS v.

2

Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).  Remand is mandatory and can occur

at any time during the litigation if the court determines that it lacks federal subject matter

jurisdiction.  Bromwell v. Mich. Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997).  On a

motion to remand, it is always the removing party's burden to prove the propriety of

removal, and any doubts about the existence of federal jurisdiction must be resolved in

favor of remand.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

## ANALYSIS

4. Plaintiff requests that I remand this case, pointing to the "forum defendant rule"

   articulated in 28 U.S.C. § 1441(b)(2).  Plaintiff contends that because the Turbine

   Defendants are citizens of Delaware, they are forum defendants, and thus § 1441(b)(2) is

   a statutory bar to their removal.  (Mot. at 4-7.)  The Turbine Defendants concede that

   they are forum defendants, however, assert that because they had not been served at the

   time of removal, they satisfy an "exception" to § 1441(b)(2) and the statutory bar does

   not apply.  (Resp. at 4-6.)

5. As explained above, a defendant may remove a case to a federal district court pursuant to

   28 U.S.C. § 1441(a) where the district court has original jurisdiction.  Under 28 U.S.C.

   § 1332, a federal district court has original jurisdiction in a civil action where the amount

   in controversy exceeds $75,000 and the action is between citizens of different states.

   Here, the amount in controversy and diversity of citizenship requirements are met: the

   face of the Complaint shows that the amount in controversy exceeds $75,000; Plaintiff is

   a citizen of California; and no defendant is a citizen of California.

6. The "purpose of diversity [jurisdiction] is to provide a separate forum for out-of-state

   citizens against the prejudices of local courts and local juries by making available to them

the benefits and safeguards of the federal courts." See Swindell-Filiaggi v. CSX Corp., 922 F. Supp. 2d 514, 518 (E.D. Pa. 2013) (citing S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.Code Cong. & Admin. News 3099, 3102). The United States Supreme Court explained this purpose in the hallmark case Erie R.R. Co. v. Tomkins, 304 U.S. 64 (1938) as follows: "Diversity of citizenship jurisdiction was conferred in order to prevent apprehended discrimination in state courts against those not citizens of the state." 304 U.S. at 74.

7. Section 1441(b)(2), referred to as "the forum defendant rule," imposes another condition beyond the requirements of diversity jurisdiction. It states that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought ["the forum state"]." This rule recognizes that the rationale for diversity jurisdiction does not apply when a defendant is a citizen of the forum state because "the likelihood of local bias is reduced, if not eliminated." Allen v. GlaxoSmithKline PLC, No. 07-5045, 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008); see also Stefan v. Bristol-Myers Squibb Co., No. 13-1662, 2013 WL 6354588, at *1 (D. Del. Dec. 6, 2013) ("Where defendants are citizens of the forum state, no such prejudice is likely to exist, and so the forum defendant rule bars removal."); Fields v. Organon USA Inc., No. 07-2922, 2007 WL 4365312, at *4 (D.N.J. Dec. 12, 2007) ("Because the party seeking removal hails from the forum state, there is no fear of local bias.").

8. The forum defendant rule, however, is said to create an opportunity for a plaintiff to engage in procedural gamesmanship. See Allen, 2008 WL 2247067, at *4; Fields, 2007 WL 4365312, at *3. Although there is no legislative history on the "joined and served"

requirement in § 1441(b)(2), courts in this Circuit have recognized that it is designed "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." See Swindell-Filiaggi, 922 F. Supp. 2d at 518 (citing Allen 2008 WL 2247067, at *4); see also Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 643 (D.N.J. 2008) ("The purpose of the 'properly joined and served' language is to prevent the abuse of the forum defendant rule by improper joinder (formerly referred to as fraudulent joinder).").

9. It is in light of the forum defendant rule and the purpose of diversity jurisdiction that Plaintiff argues it was improper for the Turbine Defendants to remove. As noted above, the Turbine Defendants focus almost primarily on service and that the plain language of § 1441(b)(2) reflects that a forum defendant may remove the case so long as he has not been served. Defendants further contend that Congress's failure to alter the language of § 1441(b)(2) when it amended the statute in 2011 supports the conclusion that § 1441(b)(2) permits removal by a forum defendant who has not been served. (Resp. at 4-6.) Plaintiff replies that it would be "absurd" to read § 1441(b)(2) as permitting removal where the forum defendant removes before service because this result disregards the Congressional intent discussed above and is contrary to principles of statutory interpretation. (Mot. at 5-6.)

10. District courts in this Circuit have rejected the Turbine Defendant's positon, remanding cases to state court where a forum defendant removes the case to federal court before service. See, e.g., Stefan, 2013 WL 6354588, at *1-2 (finding removal improper "[b]ecause the language of § 1441(b), interpreted as [d]efendants suggest, would bring about a nonsensical result that . . . would indisputably be at odds with the Congressional

5

intent in enacting the forum defendant rule"); <u>Laugelle v. Bell Helicopter Textron, Inc.</u>, No. 10-1080, 2012 WL 368220, at *3 (D. Del. Feb. 2, 2012) ("Given the Third Circuit's clear preference for remand[,] . . . and considering the purpose of the forum defendant rule and the deference afforded to the plaintiff's choice of forum, the court finds that removal under § 1441(b) was improper."); <u>Allen</u>, 2008 WL 2247067, at *4 (finding removal improper and noting that "it would be especially absurd to interpret the same 'joined and served' requirement to actually condone a similar kind of gamesmanship from defendants-removing before service, in order to later claim federal jurisdiction"); <u>Fields</u>, 2007 WL 4365312, at *4 ("[W]here . . . the forum defendant is the removing party, and clearly a legitimate defendant, there is no reason to ignore the forum defendant rule and permit removal, regardless of whether or not the removing defendant has been served.").

11. The Turbine Defendants point to cases where the district court accepted their argument, finding removal proper under similar circumstances. Notably, three of those opinions were authored by the same judge. <u>See</u>, <u>e.g.</u>, <u>Young v. Bristol-Myers Squibb Co.</u>, No. 17-609, 2017 WL 2774735, at *3 (D. Del. June 27, 2017) (denying a motion to remand where defendant removed before being served in state court); <u>Munchel v. Wyeth LLC</u>, No.12-906, 2012 WL 4050072, at *3 (D. Del. Sept. 11, 2012) (same); <u>Hutchins v. Bayer Corp.</u>, No. 08-640, 2009 WL 192468, at *12 (D. Del. Jan. 23, 2009) (recommending that a motion to remand be denied where defendant removed before being served in state court).

12. While I recognize that a literal reading of §1441(b)(2) seems to suggest that a forum defendant may remove an action before it is served (". . . properly joined and served as

defendants . . . . "), "such a bizarre result cannot possibly have been the intent of the legislature."   The United States Supreme Court has observed that where "literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters . . . those intentions must be controlling."   <u>Griffin v. Oceanic Contractors, Inc.</u>, 458 U.S. 564, 571 (1982).

13. Here, the Turbine Defendants are admittedly citizens of Delaware, and as such, are not the out-of-state defendants that diversity jurisdiction is intended to protect from discrimination.   The legislature could not have intended to create a loophole in § 1441(b)(2) by which forum defendants can remove a case to federal court under diversity jurisdiction when they learn they have been sued, but before they have been served.   Although I acknowledge that other courts in this Circuit have found removal proper in these circumstances, I find the reasoning applied by the courts in <u>Stefan</u>, <u>Laugelle</u>, <u>Allen</u>, and <u>Fields</u> to be more persuasive.   As such, I decline to read § 1441(b)(2) to permit the Turbine Defendants to remove this case.   I am further guided by the United States Court of Appeals for the Third Circuit's edict that any doubts as to whether removal was proper should be resolved in favor of remand.   <u>See</u> <u>Batoff</u>, 977 F.2d at 851.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and the case is **REMANDED** to the Complex Commercial Litigation Division of the Superior Court of Delaware in and for New Castle County.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

_____

**Mitchell S. Goldberg, J.**